Autura UNDERWOOD, et al., Plaintiffs,

v.

TEXACO INC., a corporation, et al., Defendants.

No. CIV–78–0694–T.

United States District Court,
W.D. Oklahoma.

Dec. 21, 1981.

Robert J. Emery, Oklahoma City, Okl., for plaintiffs.

Jack M. Short, Tulsa, Okl., for Texaco Inc.

C. Harold Thweatt, Crowe & Dunlevy, Oklahoma City, Okl., for Anadarko Production Co.

James C.T. Hardwick, Tulsa, Okl., for Terra Resources, Inc.

## MEMORANDUM OPINION

RALPH G. THOMPSON, District Judge.

This action is before the Court for consideration of defendants' motions for summary judgment. The parties have submitted extensive briefs upon a number of issues but the Court finds it need only discuss one issue.

Plaintiffs commenced this action seeking lease cancellation on the grounds that the leases in question ceased producing in paying quantities. Plaintiffs also sought monetary damages on the grounds that the defendants wrongfully failed to release the leases in question. In *Stewart v. Amerada Hess Corp.*, 604 P.2d 854 (Okla.1980), the Oklahoma Supreme Court held that in determining whether an oil and gas lease is producing in paying quantities, depreciation of equipment used in lifting operations should be included as an item of lifting expense. In *Mason v. Ladd Petroleum Corp.*, 630 P.2d 1283 (Okla.1981), the Oklahoma Supreme Court clarified its earlier decision in *Stewart* by stating:

> "While such items are closely allied or akin to equipment generally used in lifting operations, and while they concededly depreciate though not in use and therefore may be a subject of 'depreciation' *in an accounting sense for the purposes of taxation...*" 630 P.2d at 1286 (emphasis added).

Thus, the kind of depreciation the Oklahoma Supreme Court envisions for determining whether an oil and gas lease is producing in paying quantities is tax depreciation.

Applying this method of depreciation, the figures and computations provided by the operator of these leases, Texaco Inc., conclusively establishes that the leases were operated at a profit for the thirteen month accounting period agreed upon by the parties hereto.

Accordingly, it is the conclusion of this Court that there is no genuine issue of any material fact and that the defendants are entitled to judgment as a matter of law.